## McMILLAN BOOK CO. v. IRVING–PITT MFG. CO.

(District Court, S. D. New York. November 20, 1914.)

No. 7–27.

PATENTS ☞328—INVENTION—LOOSE-LEAF BINDER.
    The Lawson patent, No. 744,369, for a loose-leaf binder, *held* void for lack of invention.

In Equity. Suit by the McMillan Book Company against the Irving-Pitt Manufacturing Company. On final hearing. Decree for defendant.

William W. Dodge, of Washington, D. C., for complainant.
John C. Pennie, of New York City, for defendant.

ROSE, District Judge. The complainant alleges that it is the owner of letters patent No. 744,369, issued November 17, 1903, to one Albert Lawson, and that the defendant infringes the first and fifth claims thereof. The defendant denies that the complainant has acquired sufficient title to the letters patent in question to maintain this proceeding.

The patentee, Lawson, died owning the patent. He left a will by which his property was devised to his widow for life, with remainder to other persons. The assignment under which complainant claims is from the executor. The defendant alleges that proper authority to make this sale was not obtained from the probate court in Missouri, from whom the executor received his letters testamentary. It was stated at the bar that defendant had since acquired the interests of some of the remaindermen in the patent in suit. In view of the conclusions which have been arrived at on other branches of the case, it becomes unnecessary to determine whether the defendant's contention as to the defect in complainant's title is or is not well founded.

The patentee states that:

"Broadly considered, the invention consists of a sheet-holding frame comprising leaves and prongs formed integrally therewith, as distinguished from such frames as heretofore made in which the prongs are in the manufacture of the sheet-holding frames made separate from the leaves and afterwards connected thereto."

---

In short, he says his invention consisted in making something in one piece which had formerly been made in two or more. Ordinarily there is nothing patentable in that. Of course, if the making in one piece achieves a substantially different result from that otherwise obtainable, and is a result theretofore recognized as desirable, it may be that inventive genius has been exercised. There is no sufficient evidence in this record that any different result has been attained. The one-piece binder may, and very probably does, do the work better than a binder in which the hooks are separately manufactured; but any superiority in this respect is of degree only, and apparently of no very great degree at that.

The first claim of complainant's patent, which is:

"A sheet-holding member for temporary binders, comprising a leaf, and a prong of tubular form integral with said leaf, substantially as set forth"

—is therefore invalid, it not being questioned that prongs of the tubular form were old.

The fifth claim is:

"The combination of a pair of leaves constituting the bases of a sheet-holding frame, and curved sheet receiving prongs integral with said leaves, said prongs extending at their bases approximately at right angles to the planes of said leaves."

Defendant denies the prongs in its device do extend at approximately right angles to the leaves. I do not think that they do. In any event, it does not appear what particular merit there is in giving such angular extension. The patent does not tell us. It doubtless may be a convenient and useful method of making them; but, in view of the forms of rings and prongs used for analogous purposes before the date of the patent in suit, it does not seem there could possibly be any invention in so constructing them.

It should be stated that the patent was never heard of until after this suit was brought. It never aided anybody to do anything. The defendant at this bar owned another patent, and has instituted a suit against the present complainant for an alleged infringement of it. In the course of preparing for its defense, complainant in this case found the Lawson patent, and at once set about buying it. When it had obtained it, or such interest in it as under the circumstances shown in this record the Lawson executor could give, it brought this suit.

There are patents which appear so simple as to suggest strongly that their alleged discoveries must always have been obvious. Nevertheless they supply a want which had long been felt, and they go at once into extensive use. When it so happens, it may well be held that what after the event appeared plain was really not so simple as it seemed. There is nothing to suggest, however, that Lawson found out anything which anybody ever had wanted to know. The subsequent history of his device confirms the impression suggested by the reading of his patent.

The bill of complaint will be dismissed, with cost to the defendant.